By the Court.
Duer, J.
We think it needless to determine in this case, whether, in an action at law, properly so called, an authority may be given to a referee to compel the production of books and papers, although it seems to be reasonable that he should possess the power, in all cases in which he is authorized to determine all the issues in the cause. But, as we have frequently had occasion to say, the code has not abolished the essential distinctions between suits at law and in equity, nor ought it to be construed as limiting and abridging the powers which, in suits like the present, courts of equity have been accustomed to exercise.
The object of the complaint in this case is to compel the defendant to render and settle his accounts as a trustee, with the plaintiff as a cestui que trust. The suit is therefore equitable in its nature, and it will be the duty of the referee, under the terms of the original order, not only to determine the issues made by the pleadings, but to take and state the accounts between the parties. The same duty is therefore imposed upon him, that, when a decree for an account was made, was formerly imposed upon the master, to whom the taking of the account was referred; and to enable him to perform that duty, he ought to be clothed with the same authority. Although the power *684 of compelling the production of books and papers, -which in this case is given to the referee, is expressed in the language of the code, yet it is substantially the same, and certainly not more extensive than that which in similar cases it has been the invariable practice of courts of equity to confer upon the master, and which hitherto has been judged indispensable to the proper discharge of his duties.
As to the second objection, we are of opinion that upon the hearing of a motion to show cause why an attachment should not issue against a party disobeying an order made by a referee, the question whether the order was properly made may be determined by the court, and all the relevant facts be brought before us either by a special repqrt from the referee, or by affidavit. By this course of proceeding, the objection which, when first stated, it seemed to us difficult to answer, is completely obviated.
The order appealed from is affirmed, but without costs, as the question, from its novelty and importance, was properly brought before us.